MICHAEL J. ROESSNER, DC SBN 501875 (*Pro Hac Vice* application pending)
Email: roessnerm@sec.gov
Attorney for Plaintiff
Assistant Chief Litigation Counsel
Division of Enforcement
Securities and Exchange Commission
100 F. Street NE, Mail Stop 5631
Washington, D.C. 20549
Telephone: (202) 551-4347
Facsimile: (703) 813-9366

LOCAL COUNSEL:
AMY JANE LONGO,
Cal. Bar. No. 198304
Email: longoa@sec.gov
Securities and Exchange Commission
444 South Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

Attorneys for Movant
Securities and Exchange Commission

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Movant,<br><br>    v.<br><br>BMA SECURITIES, LLC,<br><br>                Respondent. | Case No.<br><br>**APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER UNDER SECTION 21(e) OF THE EXCHANGE ACT ENFORCING COMPLIANCE WITH COMMISSION ORDER** |

The Movant, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), to enforce compliance by Respondent, BMA Securities, LLC ("BMA Securities"), with a final Commission order entered against it on March 12, 2020. This order required BMA Securities to pay disgorgement of $48,489.23 and prejudgment interest of $10,048.55 with additional interest pursuant to SEC Rule of Practice 600, if timely payment is not made, and to pay a civil penalty of $275,000, with interest accruing pursuant to 31 U.S.C. § 3717, and injunctive relief.

In support of its Application, the Commission states as follows:

## **INTRODUCTION**

1. The Commission seeks by this Application to enforce an order of the Commission entered on consent, which found that BMA Securities willfully violated Rule 204(a), Rule 204(b), and Rule 204(d) of Regulation SHO.

2. Respondent has failed, refused and neglected to comply with the Commission Order in that it has not paid any portion of the disgorgement, prejudgment interest, or civil penalty imposed upon it.

## **PARTIES**

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. BMA Securities is a Delaware Limited Liability Company with its headquarters in El Segundo, California.

## **JURISDICTION AND VENUE**

5. This Court has jurisdiction under Sections 21(e)(1) and 27(a) of the Exchange Act.

6. Venue lies in the Central District of California under Section 27(a) of the Exchange Act. Respondent is "found" or is an "inhabitant" of this District.

1

## STATEMENT OF RELEVANT FACTS

7. These proceedings arise out of BMA's failure to comply with certain provisions of Regulation SHO which sets forth certain requirements concerning the short sale of securities. From at least January 2015 through August 2016, BMA, a registered broker-dealer, violated Rule 204 of Regulation SHO ("Rule 204") on hundreds of occasions by failing to close out allocated fail to deliver positions ("FTD").

8. On March 12, 2020, the Commission issued an Order instituting administrative and cease-and-desist proceedings, on consent, pursuant to Section 15(b) and 21C of the Securities Exchange Act of 1934 ("Exchange Act") requiring Respondent to disgorge $48,489.23, and prejudgment interest of $10,048.55 with additional interest pursuant to SEC Rule of Practice 600, if timely payment is not made, and to pay a civil penalty of $275,000, with interest accruing pursuant to 31 U.S.C. § 3717, and injunctive relief.

9. The Commission also entered the following injunctive relief ordering Respondent BMA Securities to cease and desist from committing or causing any violations and any future violations of Rule 204 of Exchange Act Regulation SHO.

10. BMA Securities did not seek review of the Order, and the time to do so has expired.

11. BMA has not made any payment towards the disgorgement or prejudgment interest, which remains due and owing with additional interest accruing pursuant to SEC Rule of Practice 600, or the civil penalty, which remains due and owing with additional interest continuing to accrue pursuant to 31 U.S.C. § 3717.

## ARGUMENT

12. The Commission brings this proceeding under Section 21(e) of the Exchange Act. This provision authorizes the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in the district courts.

13. Proceedings under these provisions are summary in nature. *SEC v.*

*Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

14. These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

15. This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

WHEREFORE, the Commission respectfully requests:

### I.

That the Court enter an Order to Show Cause, directing Respondent to show cause why this Court should not enter an Order enforcing compliance with the Commission Order.

### II.

That the Court thereafter enter an Order enforcing the Commission Order and requiring:

a. BMA Securities to disgorge $48,489.23, and prejudgment interest of $10,048.55 with additional interest pursuant to SEC Rule of Practice 600;

b. BMA Securities to pay a civil penalty of $275,000, with interest accruing pursuant to 31 U.S.C. § 3717; and

c. Compliance with the Injunctive Relief set forth in the Order.

### III.

That the Court order such relief as may be necessary for enforcement of any

order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

## IV.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

## V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

## VI.

That the Court order such other and further relief as may be just and proper.

Dated: February 18, 2022

Respectfully submitted,

*/s/ Amy Jane Longo*
AMY JANE LONGO
Cal. Bar. No. 198304
Email: longoa@sec.gov
Securities and Exchange Commission
444 South Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

MICHAEL J. ROESSNER
*Pro Hac Vice* application pending
DC SBN 501875
Email: roessnerm@sec.gov
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-9612
Telephone: 202 / 551-5152
Facsimile: 202 / 772-9263

Attorneys for Movant
Securities and Exchange Commission